UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Stephen P. Schoemehl, Eric Aschinger, Robert Kaemmerlen,    )
Douglas Martin, Joseph Cousin, and Matthew Lampe, the       )
Trustees for the IBEW, LOCAL NO. 1, HEALTH AND              )
WELFARE FUND;                                               )
Stephen P. Schoemehl, Mike Kranefuss, T. Michael Fogarty,   )
Douglas Martin, Michael Garavaglia, and Greg Booth, the     )
Trustees for the LOCAL NO. 1, IBEW PENSION BENEFIT          )
TRUST FUND;                                                 )
Stephen P. Schoemehl, Timothy Schoemehl, Thomas George, Sr., )
Douglas Martin, Roger Oertli, and Al Schroer, the Trustees for )
the IBEW VACATION FUND;                                     )
Stephen P. Schoemehl, Stephen Kohnen, Robert Unterreiner,   )
Douglas Martin, Thomas George, Sr., and Dan King, the Trustees )
for the IBEW, LOCAL NO. 1, APPRENTICESHIP AND               )
TRAINING FUND;                                              )
Stephen P. Schoemehl, Robert Senf, Douglas Martin,          )
Roger Oertli, Thomas George, Sr., and John Johanningmeier,  )
the Trustees for the IBEW-NECA HOLIDAY TRUST FUND;          )
Stephen P. Schoemehl, Christie Warner, Douglas Martin, Roger )
Oertli, Greg Booth, and Thomas George, Sr., the Trustees for )
the ELECTRICIANS' INCOME SECURITY FUND;                     )
Stephen P. Schoemehl, Thomas George, Sr., Thomas Sansevere, )
Douglas Martin, Robert Unterreiner, and George Azzanni, the )
Trustees for the ELECTRICIANS' SALARY DEFERRAL PLAN; )
Stephen P. Schoemehl, Timothy Schoemehl, Matthew Lampe,     )
Dennis Hornberger, Daniel Schaeffer, and Douglas Martin, the )
Directors for the NECA-IBEW MARKET RESEARCH,                )
DEVELOPMENT AND PUBLIC RELATIONS FUND;                      )
THE NECA ADMINISTRATIVE MAINTENANCE FUND                    )
AND SUBSTANCE ABUSE PROGRAM;                                )
D. R. Borden, Jr., and Jon Walters, the Trustees for the    )
NATIONAL ELECTRICAL BENEFIT FUND; and                       )
LOCAL 1 INTERNATIONAL BROTHERHOOD OF                        )
ELECTRICAL WORKERS, AFL-CIO,                                )
                                                            )
                    Plaintiffs,                             )
                                                            )
vs.                                                         )
                                                            )
PRIDE ELECTRIC, INC.,                                       )
                                                            )
                    Defendant.                              )

Serve: Mr. Richard L. Rackers, Registered Agent
Pride Electric, Inc.
334 Jungermann Road
St. Peters, Missouri 63376

## COMPLAINT

## COUNT I - HEALTH AND WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Eric Aschinger, Robert Kaemmerlen, Douglas Martin, Joseph Cousin, and Matthew Lampe, the Trustees of the IBEW, Local No. 1, Health and Welfare Fund (herein "Health and Welfare Fund") and for their cause of action state:

1.     This action arises under Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, both of which provide that Federal District Courts have jurisdiction over suits thereunder.

2.     Plaintiff Local 1 International Brotherhood of Electrical Workers AFL-CIO, (herein "Local 1") is a voluntary unincorporated association with its principal office in St. Louis, Missouri. Local 1 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes. It is a labor organization in an industry affecting commerce within the meaning of the LMRA.

3.     The Health and Welfare Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

4.     Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or

2

where the plan is administered. See Section 502(e)(2) of ERISA, 29 U.S.C. § 1132.

5.     Plaintiffs Stephen P. Schoemehl, Eric Aschinger, Robert Kaemmerlen, Douglas Martin, Joseph Cousin, and Matthew Lampe are Trustees of the Health and Welfare Fund and control and manage the operation and administration of the Health and Welfare Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

6.     Defendant Pride Electric, Inc. (herein "Defendant"), is a corporation duly organized and existing under the laws of the State of Missouri. At all times relevant hereto, Defendant was engaged in the electrical construction business with a principal business address of 334 Jungermann Road, St. Peters, Missouri 63376.

7.     Defendant is an employer within the meaning of Section 301 of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

8.     On January 28, 2003, Mark Ward, President, signed Letters of Assent A binding Defendant to the then current and any successor Inside Labor Agreement, Warehousemen and/or Drivers, Tool & Material Expediters Labor Agreement, and Communication Labor Agreement between St. Louis Chapter, National Electrical Contractors Association (herein "NECA") and Local 1 (Exs. 1A-C.) On February 25, 2003, Mark Ward signed the Letter of Assent A binding Defendant to the then current and any successor Missouri VDV/S Labor Agreement between NECA and Local 1 (Ex. 1D.)

9.     From January 28, 2003 to the present, Defendant has been obligated by the provisions of the Labor Agreements to file reports and pay monthly contributions to the various Funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the

3

Trust Agreements and Trust Plans. The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Labor Agreements by reference.

10. Under the Labor Agreements, the reports and contributions are due to the Funds within fifteen (15) days following the end of the calendar month.

11. At all times relevant hereto, Defendant has employed bargaining unit electricians under the Labor Agreements.

12. For the period of March through May 2005, Defendant filed reports but failed to pay a combined $201,423.71 in contributions due to the various Plaintiff Funds for hours worked by Defendant's bargaining unit employees as required by the Labor Agreements (Exs. 2, 3, and 4.) Defendant's failure to pay contributions is a violation of the Labor Agreements.

13. For the period of June 2005 through the cessation of its business on June 18, 2005, Defendant has failed to file contribution reports and pay any of the contributions due to all Plaintiff Funds for hours worked by Defendant's bargaining unit employees as required by the Labor Agreements. Based on information provided by Defendant and information from Defendant's employees, the contributions due to the various funds for this period total not less than $37,905.53. (Ex. 5.) Defendant's failure to file reports and pay contributions is a continuing violation of the Labor Agreements.

14. The Defendant is liable to the Plaintiff Trustees, who are third-party beneficiaries of the Labor Agreements, for its breach under Section 301 of the LMRA, 29 U.S.C. § 185.

15. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provi... ... ...... .o an employee benefit plan and interest or double interest on contributions owed to the employee benefit trust fund.

4

16.     The Labor Agreements provide for liquidated damages of a flat 2% of contributions due and interest of 1/30th of 2% of the contributions due for each day the contributions are received past the due date.

17.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and the Labor Agreements, Defendant is obligated to pay attorneys' fees and costs incurred by the fiduciaries of an employee trust fund in collecting unpaid contributions.

**WHEREFORE**, the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant:

A.     For payment of the unreported and unpaid contributions owed by the Defendant to the Health and Welfare Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.     For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Health and Welfare Fund.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT II - PENSION FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Mike Kranefuss, T. Michael Fogarty, Douglas Martin, Michael Garavaglia, and Greg Booth, the Trustees of the Local No. 1, IBEW, Pension Benefit Trust Fund (herein "Pension Fund"), and for their cause of action state:

18.     Plaintiffs reallege and incorporate as part of Count II, paragraphs 1, 2, 4, and 6-17 of Count I as if set out herein in full.

19.    The Pension Fund is a covered "employee pension benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

20.    Plaintiffs Stephen P. Schoemehl, Mike Kranefuss, T. Michael Fogarty, Douglas Martin, Michael Garavaglia, and Greg Booth are Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant:

A.    For payment of the unreported and unpaid contributions owed by the Defendant to the Pension Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.    For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Pension Fund.

C.    For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.    For such further relief as the Court deems just, equitable and appropriate.

### COUNT III - VACATION FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Timothy Schoemehl, Thomas George, Sr., Douglas Martin, Roger Oertli, and Al Schroer, the Trustees of the IBEW Vacation Fund (herein "Vacation Fund"), and for their cause of action state:

21.    Plaintiffs reallege and incorporate as part of Count III, paragraphs 1, 2, 4, and 6-17 of Count I as if set out herein in full.

6

22. The Vacation Fund is an "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1003(a) and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

23. Plaintiffs Stephen P. Schoemehl, Timothy Schoemehl, Thomas George, Sr., Douglas Martin, Roger Oertli, and Al Schroer are Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE**, the Trustees of the Vacation Fund pray for an order and judgment against Defendant:

A. For payment of the unreported and unpaid contributions owed by the Defendant to the Vacation Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B. For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Vacation Fund.

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D. For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV - APPRENTICESHIP TRUST CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Stephen Kohnen, Robert Unterreiner, Douglas Martin, Thomas George. Sr., and Dan King, the Trustees of the IBEW, Local No. 1, Apprenticeship and              .erein "Apprenticeship Fund"), and for their cause of action state:

7

24.   Plaintiffs reallege and incorporate a part of Count IV, paragraphs 1, 2, 4, and 6-17 of Count I as if set out herein in full.

25.   The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

26.   Plaintiffs Stephen P. Schoemehl, Stephen Kohnen, Robert Unterreiner, Douglas Martin, Thomas George, Sr., and Dan King are Trustees of the Apprenticeship Fund and control and manage the operation and administration of the Apprenticeship Fund. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

WHEREFORE, the Trustees of the Apprenticeship Fund pray for an order and judgment against Defendant:

A.   For payment of the unreported and unpaid contributions owed by the Defendant to the Apprenticeship Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.   For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Apprenticeship Fund.

C.   For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.   For such further relief as the Court deems just, equitable and appropriate.

## COUNT V - HOLIDAY FUND CLAIMS

COME NOW Plaintiffs, Stephen P. Schoemehl, Robert Senf, Douglas Martin, Roger ⃝ Thomas George, Sr., and John Johanningmeier, the Trustees of the IBEW-NECA Holiday Fund

8

(herein "Holiday Fund") and for their cause of action state:

27.     Plaintiffs reallege and incorporate as part of Count V, paragraphs 1, 2, 4, and 6-17 of Count I as if set out herein in full.

28.     The Holiday Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

29.     Plaintiffs Stephen P. Schoemehl, Robert Senf, Douglas Martin, Roger Oertli, Thomas George, Sr., and John Johanningmeier are Trustees of the Holiday Fund and control and manage the operation and administration of the Holiday Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE,** the Trustees of the Holiday Fund pray for an order and judgment against Defendant:

A.     For payment of the unreported and unpaid contributions owed by the Defendant to the Holiday Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.     For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Holiday Fund.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI - INCOME SECURITY FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Christie Warner, Douglas Martin, Roger Oertli, Greg Booth, and Thomas George, Sr., the Trustees of the Electricians' Income Security Fund

9

(herein "Income Security Fund"), and for their cause of action state:

30.    Plaintiffs reallege and incorporate as part of Count VI, paragraphs 1, 2, 4, and 6-17 of Count I as if set out herein in full.

31.    The Income Security Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

32.    Plaintiffs Stephen P. Schoemehl, Christie Warner, Douglas Martin, Roger Oertli, Greg Booth, and Thomas George, Sr. are Trustees of the Income Security Fund and control and manage the operation and administration of the Income Security Fund. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE,** the Trustees of the Income Security Fund pray for an order and judgment against Defendant:

A.    For payment of the unreported and unpaid contributions owed by the Defendant to the Income Security Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.    For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the Income Security Fund.

C.    For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.    For such further relief as the Court deems just, equitable and appropriate.

## _OUNT VII -ELECTRICIANS' SALARY DEFERRAL FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Thomas George, Sr., Thomas Sansevere,

10

Douglas Martin, Robert Unterreiner, and George Azzanni, the Trustees of the Electricians' Salary Deferral (401(k)) Plan (herein "Salary Deferral Plan"), and for their cause of action state:

33.    Plaintiffs reallege and incorporate as part of Count VII, paragraphs 1, 2, 4, 6-11, and 13-17 of Count I as if set out herein in full.

34.    The Salary Deferral Plan is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

35.    Plaintiffs Stephen P. Schoemehl, Thomas George, Sr., Thomas Sansevere, Douglas Martin, Robert Unterreiner, and George Azzanni are Trustees of the Salary Deferral Plan and control and manage the operation and administration of the Salary Deferral Plan.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

36.    For the period of March through May 2005, Defendant paid the contributions due to the Salary Deferral Plan, but failed to do so in the time allowed under the Labor Agreements. Defendant owes interest and liquidated damages on the late-paid contributions.

37.    For June 2005, Defendant withheld Salary Deferral amounts but did not pay contributions due to the 401(k) Plan.

38.    On information and belief, the amount due to the Salary Deferral Plan is $701.72. (Ex. 5.)

WHEREFORE, the Trustees of the Salary Deferral Plan pray for an order and judgment against Defendant:

A.    For payment of the unreported and unpaid contributions owed by the Defendant to

11

the Salary Deferral Plan for the period from June 2005 through its cessation of business on June 18, 2005.

B.     For payment of liquidated damages and interest owed on the late-paid and the unpaid and delinquent contributions to the Salary Deferral Plan.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT VIII - MARKET RESEARCH FUND CLAIMS

**COME NOW** Plaintiffs, Stephen P. Schoemehl, Timothy Schoemehl, Matthew Lampe, Dennis Hornberger, Daniel Schaeffer, and Douglas Martin, the Trustees of the NECA-IBEW Market Research, Development and Public Relations Fund (herein "Market Research Fund"), and for their cause of action state:

39.    Plaintiffs reallege and incorporate as part of Count VIII, paragraphs 2, 6-13 and 16 of Count I as if set out herein in full.

40.    The Market Research Fund is an industry research fund under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), and is not covered by ERISA.

41.    Venue is proper in this Court under 28 U.S.C. § 1391(b) in that Defendant resides in this district and a substantial part of events or omissions giving rise to this claim occurred in this district.

42.    The Market Research Fund is a third-party beneficiary of the contracts between Local 1 and Defendant.

**WHEREFORE**, the Trustees of the Market Research Fund pray for an order and judgment against Defendant:

A.      For payment of the unreported and unpaid contributions owed by the Defendant to the Market Research Fund for the period from March 2005 through its cessation of business on June 18, 2005.

B.      For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the Market Research Fund.

C.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT IX - ADMINISTRATIVE MAINTENANCE FUND AND SUBSTANCE ABUSE PROGRAM CLAIMS

**COME NOW** Plaintiff St. Louis Chapter-NECA on behalf of the NECA Administrative Maintenance Fund and Substance Abuse Program (herein "AMF"), and for their cause of action state:

43.     Plaintiff realleges and incorporates as part of Count IX, paragraphs 2, 6-13 and 16 of Count I as if set out herein in full.

44.     The AMF is administered by the St. Louis Chapter NECA, and was established for the purpose of administration of the Labor Agreements, and is not covered by ERISA.

45.     Venue is proper in this Court under 28 U.S.C. § 1391(b) in that Defendant resides in this district and a substantial part of events or omissions giving rise to this claim occurred in this district.

46.     The AMF is a third-party beneficiary of the contracts between Local 1 and Defendant.

**WHEREFORE**, the AMF prays for an order and judgment against Defendant:

A.      For payment of the unreported and u      tions owed by the Defendant to the AMF for the period from March 2005 through its cessation of business on June 18, 2005.

13

B.     For payment of liquidated damages and interest owed on the unpaid and delinquent contributions to the AMF.

C.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT X - NATIONAL ELECTRICAL BENEFIT FUND CLAIMS

**COME NOW** Plaintiffs, D. R. Borden, Jr. and Jon Walters, Trustees of the National Electrical Benefit Fund (herein "NEBF"), and for their cause of action state:

47.    Plaintiffs reallege and incorporate as part of Count X, paragraphs 1, 2, 4, 6-15, and 17 of Count I as if set out herein in full.

48.    The NEBF is a covered "employee pension benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2). Contributions and reports are sent to the St. Louis Chapter NECA in St. Louis, Missouri and the fund is administered in Rockville, Maryland. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

49.    Plaintiffs D. R. Borden, Jr. and Jon Walters are Trustees of the NEBF. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

50.    The NEBF's Restated Employees Benefit Agreement and Trust provides for liquidated damages of a flat 20% of contributions due and annual interest of 10%.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against the Defendant:

A.     For payment of the unreported and unpaid contributions owed by the Defendant to the NEBF for the period from March 2005 through its cessation of business on June 18, 2005.

14

B.     For payment of liquidated damages and interest owed on unpaid and delinquent contributions to the NEBF.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT XI-WAGE CLAIMS

COME NOW Plaintiffs, Stephen P. Schoemehl, Business Manager of IBEW Local 1, and Local 1, as agent for and on behalf of the employees of Defendant, and for their cause of action against Defendant state as follows:

51.     At all times relevant hereto, Jacobie Anthony, Paul Blair, Edward Bozeman, Chris J. Campbell, Eric R. Haberberger, Robert J. Harles, Derek C. Hazeltine, Ralph R. Huber, Jr., Chad Lewis, Jay Loechel, Erik M. Oleson, Gerald Orf, David Price, Lance P. Ryan, Kenneth G. White, Russell E. Whitworth, Jr., and John A. Ziegler ("Employees") were represented by Local 1 and employed by Defendant.

52.     For the period from June 4, 2005 through June 18, 2005, the Employees worked at and performed electrical work in connection with the jobs performed by Defendant.

53.     For the period from June 4, 2005 through June 18, 2005, Defendant failed to pay wages to the Employees and failed to report the hours worked by the Employees, as required by the Labor Agreements. Defendant's failure to report hours worked and pay wages to eligible bargaining unit employees is a continuing violation of the Labor Agreements.

54.     Using the records provided by the Employees and the wage scale in the Labor Agreements, the wages due under the Labor Agreements total $43,310.68. (Ex. 6.)

15

**WHEREFORE,** Plaintiffs Stephen P. Schoemehl, Business Manager of IBEW Local 1, and Local 1, on behalf of the Employees of Defendant, pray for an order and judgment against the Defendant:

A.    For payment of unpaid wages of $43,310.68 for the period from June 4, 2005 through June 18, 2005.

B.    For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

Matthew B. Leppert (E.D.Mo. 498814)
Rhona S. Lyons (E.D. Mo. 62649)
1221 Locust Street, Second Floor
St. Louis, MO 63103
(314) 621-2626
FAX: (314) 621-2378
mbl@schuchatcw.com

272177.WPD

16